IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS MANZUETA MIESES,<br>Plaintiff,<br><br>v.<br><br>J.L. JAMISON, et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil No.: 2:26-cv-02454 |

**ORDER**

**AND NOW**, this 21st day of April, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Letter Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 3), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED**[1] as follows:

---

[1] Mr. Manzueta Mieses has resided in the United States since he entered on or around December 30, 2022. *See* Pet. for Habeas Corpus ¶ 1. When he entered the United States, Petitioner was apprehended by the Department of Homeland Security ("DHS"). *See id.* ¶ 18. DHS initiated removal proceedings against Petitioner in immigration court. *See id.* ¶ 18. After his release from DHS custody, Petitioner lived in Pennsylvania, worked to support his family abroad, and complied with all the conditions of his removal proceedings and immigration release. *See id.* ¶ 21. Petitioner also filed an asylum application on November 10, 2025, and was scheduled to appear in the Philadelphia Immigration Court on September 3, 2027, for his asylum hearing. *See id.* Nevertheless, on or about April 13, 2026, DHS arrested and detained Petitioner. *See id.* ¶ 22.

The Government contends that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A). The vast majority of federal courts, including this Court, have rejected the Government's arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

Accordingly, Petitioner's mandatory detention without the opportunity for a bail hearing is unlawful.

1.      Mr. Manzueta Mieses is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.      The Government shall **RELEASE** Mr. Manzueta Mieses from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on April 22, 2026;

3.      If the Government chooses to pursue re-detention of Mr. Manzueta Mieses pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4.      The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

_/s/ John M. Gallagher_
JOHN M. GALLAGHER
United States District Court Judge

---

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.